### In re PAYNTER 2-LOT SUBDIVISION

[996 A.2d 219]

No. 09-173

¶ 1. April 5, 2010. Applicant Bruce Paynter appeals from a decision by the Environmental Court to remand his application to the Town of Pittsford Zoning Board of Adjustment (ZBA) for reconsideration under the Town's 1989 zoning ordinance. Applicant contends that the Town's 2005 zoning ordinance, not the 1989 ordinance, applies to his application and that the court incorrectly concluded that the 2005 ordinance was void and unenforceable. We affirm.

¶ 2. Applicant owns a 0.56-acre lot in Pittsford, Vermont, and in March 2008, submitted a complete zoning permit application to subdivide the property into two proposed lots.[1] The Pittsford Zoning Administrator, applying the 2005 ordinance, rejected the application on April 15, 2008. Applicant appealed this decision to the ZBA, and it affirmed the denial based on applicant's failure to comply with the frontage requirements embodied in the 2005 ordinance. Applicant then appealed the ZBA decision to the Environmental Court.

¶ 3. While the case was pending before the Environmental Court and after the parties had filed cross-motions for summary judgment on the merits, the Town discovered that the 2005 ordinance had been adopted after the expiration of the 2000 town plan and before a subsequent town plan had been adopted. Under 24 V.S.A. § 4387(c), "[u]pon the expiration of a [town] plan, all [zoning] bylaws . . . then in effect shall remain in effect, but shall not be amended until a plan is in effect." The Town determined that the 1989 ordinance was the zoning ordinance in effect when the 2000 town plan expired and concluded, according to the terms of the statute, that it could not be replaced with a subsequent zoning ordinance until a

_____

[1] Applicant originally submitted the zoning permit application on February 27, 2008, but no site plan application was included in applicant's submission when it reached the Pittsford Zoning Administrator. On March 11, 2008, applicant submitted the site plan, and his application was deemed complete. The date of application is not relevant to this appeal.

new town plan was ratified. Consistent with its conclusion, the Town filed a motion to remand the application to the ZBA for reconsideration under the 1989 ordinance. Applicant conceded that the 2005 zoning ordinance had not been validly enacted, but opposed the remand motion on multiple grounds, as noted below. The Environmental Court granted the Town's motion, and applicant appealed to this Court.[2]

¶ 4. Applicant first contends that the Environmental Court should not have granted the motion because the Town was time-barred from challenging the validity of the 2005 ordinance. The relevant statute of limitations provides that "[n]o person shall challenge for purported procedural defects the validity of any . . . bylaw . . . after two years following the day on which it would have taken effect if no defect had occurred." 24 V.S.A. § 4483(b). Applicant asserts that the Town's failure to have a valid town plan in place when it adopted the 2005 ordinance was a procedural defect and that the statute of limitations, therefore, applies.

¶ 5. We have not yet decided the precise question raised by applicant. In *In re McCormick Management Co.*, 149 Vt. 585, 547 A.2d 1319 (1988), the Town of Richmond made the same argument that applicant makes here. Although in that case we observed generally that "strict compliance with established procedures is required," *id.* at 591, 547 A.2d at 1323, we did not intend to hold that the preexisting town plan requirement was procedural, and we specifically did not reach the statute of limitations issue, *id.* at 592, 547 A.2d at 1323.

¶ 6. We review the Environmental Court's interpretation of the legal principles embodied in §§ 4387(c) and 4483(b) de novo. See *In re Albert*, 2008 VT 30, ¶ 6, 183 Vt. 637, 954 A.2d 1281 (mem.) (noting that this Court does not defer to Environmental Court's "construction of statutes governing general principles of law"); see generally *Wright v. Bradley*, 2006 VT 100, ¶ 6, 180 Vt. 383, 910 A.2d 893 ("Issues of statutory interpretation are subject to de novo review."). Our foremost obligation when interpreting a statute is to ascertain and implement the underlying legislative intent. *Trickett v. Ochs*, 2003 VT 91, ¶ 22,

---

[2] Because the Environmental Court remanded the matter to the ZBA for reconsideration under the 1989 ordinance, there is not a final judgment from which applicant could take an appeal as of right. The Town has not moved to dismiss the appeal or raised the issue in this Court, however, and the case has been fully briefed by both parties. See *State v. Wesco, Inc.*, 2006 VT 93, ¶ 7 n.2, 180 Vt. 345, 911 A.2d 281 (exercising Court's discretion to decide appeal from nonfinal judgment after noting that merits had been fully briefed and argued and Court had spent valuable time preparing for case). Furthermore, dismissal in this case most likely would result in an appeal after final judgment. See *id.* (noting likelihood of appeal from final judgment in choosing to decide case appealed before final judgment). Therefore, in the interests of judicial economy, we exercise our discretion to suspend application of the appellate rules and decide this case on an interlocutory basis. See V.R.A.P. 2 ("In the interest of expediting decision, or for other good cause shown, the Supreme Court may . . . suspend the requirements or provisions of any of [the appellate] rules in a particular case . . . ."); *In re Champlain College Maple Street Dorm.*, 2009 VT 55, ¶ 1 n.1, 186 Vt. 313, 980 A.2d 273 (concluding that dismissal "would not serve the interests of judicial economy" (quotation omitted)); *Chioffi v. Winooski Zoning Bd.*, 151 Vt. 9, 10 n.1, 556 A.2d 103, 104 n.1 (1989) (suspending appellate rules and permitting appeal to go forward, despite lack of final judgment, when remanding "would result in a useless act by the trial court").

176 Vt. 89, 838 A.2d 66. To do this, we rely principally on the plain meaning of the statute. *In re D'Antonio*, 2007 VT 100, ¶ 7, 182 Vt. 599, 939 A.2d 493 (mem.). When the statute is part of a larger statutory scheme, we "read operative sections of [the] statutory scheme in context and the entire scheme in pari materia." *Cushion v. Dep't of PATH*, 174 Vt. 475, 479, 807 A.2d 425, 430 (2002) (mem.).

¶ 7. The language of § 4483(b) indicates that the Legislature did not intend for the statute of limitations to apply to challenges premised on § 4387(c). Section 4483(b), by its terms, applies only to "procedural defects." Procedural defects are "defects and irregularities in the mode of enactment of an ordinance [that] do not pertain to the nature of the ordinance itself." *Citizens for Responsible Gov't v. Kitsap County*, 758 P.2d 1009, 1011 (Wash. Ct. App. 1988). They include such infirmities as failure to post notice for a public hearing, see 24 V.S.A. §§ 4442(a), 4444, and defects in the written report prepared by the planning commission, see *id.* § 4441(c). See also *In re Cottrell*, 158 Vt. 500, 508, 614 A.2d 381, 385 (1992) (characterizing failures to engage in the processes required by statute that preceded § 4441 as "procedural defects"). They do not include deficiencies that relate to the nature of the zoning ordinance itself, such as whether enactment of the ordinance was authorized in the first place. See *Citizens for Responsible Gov't*, 758 P.2d at 1011.

¶ 8. Section 4387(c)'s prohibition on the adoption or amendment of a zoning ordinance when there is no valid town plan in effect is not procedural, for it directly bears on the nature of the zoning ordinance. See *Citizens for Responsible Gov't*, 758 P.2d at 1011. A town plan is an overall guide for a municipality's development that is "[o]ften stated in broad, general terms." *Kalakowski v. John A. Russell Corp.*, 137 Vt. 219, 225, 401 A.2d 906, 910 (1979). Zoning ordinances, by contrast,

are tools for implementing a valid town plan and "must reflect the plan." *Id.*; see 24 V.S.A. § 4441(a) (directing that zoning ordinances "shall have the purpose of implementing the [town] plan"). Under the statutory scheme, a town's authority to regulate land use through the creation and enforcement of zoning bylaws is conditioned upon the existence of a valid town plan. See 24 V.S.A. § 4401 ("Any municipality that has adopted and has in effect a plan . . . may implement the plan by adopting, amending and enforcing any or all of the regulatory and nonregulatory tools provided for in this chapter."). Because of its purpose and effect, we hold that § 4387(c) embodies a substantive — not procedural — requirement, and the statute of limitations embodied in § 4483(b), therefore, does not apply. See *Citizens for Responsible Gov't*, 758 P.2d at 1011; see also *Holsten v. W. Goshen Twp.*, 424 A.2d 997, 998 (Pa. Commw. Ct. 1981) (stating that challenge based on town's lack of authority to enact land use ordinance "is a substantive question").

¶ 9. Applicant next contends that the vested rights doctrine precludes application of the 1989 ordinance. Specifically, he asserts that the Town supplied him with a copy of the 2005 ordinance when he initially went to obtain the permit application and that he conformed his application to the requirements of the 2005 ordinance in the belief that it applied. Because both he and the Town believed — at least until the Environmental Court proceedings — that the 2005 ordinance was valid, applicant argues that his right to a determination under the 2005 ordinance vested at the time he submitted his zoning permit application. In *Smith v. Winhall Planning Commission*, we noted our adherence to the minority rule that a permit applicant gains a vested right in the governing regulations in existence when a full and complete permit application is filed. 140 Vt. 178, 181-82, 436 A.2d 760, 761 (1981); see also *In re Keystone Dev. Corp.*,

2009 VT 13, ¶ 5, 186 Vt. 523, 973 A.2d 1179 (mem.). For example, a town may not apply to a permit application a zoning ordinance that was adopted after the filing of the application. Yet rights cannot vest under an ordinance unless the ordinance is "in existence" at the time the application is submitted. *Keystone*, 2009 VT 13, ¶ 5. Here, the Town argues, and we agree, that the 2005 ordinance was not "in existence" at the time applicant submitted his petition because the ordinance was never effectively adopted. The general rule is that "an invalidly enacted statute is a nullity." *State ex rel. Goodner v. Speed*, 640 P.2d 13, 16 (Wash. 1982); accord *Glen-Gery Corp. v. Zoning Hearing Bd. of Dover Twp.*, 907 A.2d 1033, 1043 (Pa. 2006) ("[A] defect in the enactment renders any time bar null and void as the statute is, in its entirety, void *ab initio*."). "It is as inoperative as if it had never been passed," leaving the law "as it stood prior to the enactment." *Goodner*, 640 P.2d at 16. Prior to the attempted enactment of the 2005 ordinance, the 1989 ordinance governed. Therefore, the Board must consider applicant's zoning permit application under the 1989 ordinance.

¶ 10. Applicant makes a related argument that applying the 1989 ordinance denies him due process of law because he did not have fair notice of the applicable standard at the time of application. Instead, he argues, he had notice only of the 2005 ordinance. In making this argument, applicant relies upon cases that strike down standardless rules on the ground that a landowner must have fair notice of what can be done with his or her land. See, e.g., *In re Handy*, 171 Vt. 336, 347-48, 764 A.2d 1226, 1237 (2000). Applicant's case is unlike the cases he cites, however, in that, here, applicant will know the standard and have an opportunity to respond to it before final action is taken on his permit application. See *id.* at 349, 764 A.2d at 1238 (concluding that in that case

the statute at issue provided no standard or guidance). Under the Fourteenth Amendment to the United States Constitution, applicant has suffered no deprivation of property at this point in the proceeding.

¶ 11. Applicant's primary argument for why the 2005 ordinance should govern is based on the court's equitable powers to shape a remedy when a statute or ordinance is struck down. Relying principally upon a line of cases discussed at length in *Perlstein v. Wolk*, 844 N.E.2d 923, 929-33 (Ill. 2006), applicant points to the " 'modern trend' . . . away from void *ab initio* toward a more equitable and realistic approach that is tempered by considerations of reasonableness and good-faith reliance on the purportedly valid statute." *Id.* at 931. In these cases, however, the courts have struck down statutes or ordinances on constitutional grounds and must decide the effect of their constitutional decisions on actions taken by litigants in reliance on the statutes. We are not dealing here with a constitutional violation; instead, the violation is statutory. More importantly, the statute specifies the remedy; it states that upon the expiration of a town plan, zoning bylaws "shall remain in effect, . . . [and] shall not be amended." 24 V.S.A. § 4387(c). In ordering a remand, the Environmental Court properly implemented this statutory remedy. The court's equitable powers do not extend to denying an explicit statutory remedy.

¶ 12. Finally, applicant asserts that applying the 1989 ordinance to his application violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Specifically, applicant contends that it "may . . . be the case" that he is the only person who applied for a zoning permit application after the attempted enactment of the 2005 ordinance whose petition will be reviewed under the 1989 ordinance and that he is "not aware of any cases that are

still pending that would be required to be considered under the 1989 standard." This argument is based upon speculative facts about the impact of the determination that the 2005 zoning ordinance was invalidly enacted, and we do not consider it.

¶ 13. Following the submission of the Town's brief, applicant filed a reply brief, raising numerous new arguments, most of which were not raised in the Environmental Court and have no record to support them. We need not consider arguments raised for the first time in a reply brief. See, e.g., *In re Eastview at Middlebury, Inc.*, 2009 VT 98, ¶ 18 n.4, 187 Vt. 208, 992 A.2d 1014. Therefore, we affirm the decision of the Environmental Court to remand the application to the ZBA for reconsideration under the 1989 ordinance.

*Affirmed.*