**State of Vermont**
**Superior Court—Environmental Division**

======================================================================
# ENTRY REGARDING MOTION
======================================================================

**In re Saman ROW Approval**                                    **Docket No. 176-10-10 Vtec**
**(Appeal from ZBA decision)**

Title: Motion to Dismiss Question 2 (Filing No. 6)

Filed: June 7, 2011

Filed By: Robert Halpert, Attorney for Interested Person Town of Plainfield

Response in Opposition filed on 6/23/11 by Elizabeth McGill, Attorney for Appellant William Basa

Response in Opposition filed on 6/27/11 by Brice C. Simon, Attorney for Interested Person Brenda Lindemann

  _X_ Granted                    ___ Denied                    ___ Other

        The Town of Plainfield ("Town") has filed a Rule 12(b) motion to dismiss Question 2 from Appellant William Basa's revised Statement of Questions. See V.R.C.P. 12(b)(1) ("the following defense[] may . . . be made by motion: (1) lack of jurisdiction over the subject matter"); V.R.E.C.P. 5(a)(2). The motion was filed in Appellant Basa's appeal of an on-the-record decision of the Town of Plainfield Development Review Board ("DRB"), approving Peter Saman's application for the use of a right-of-way that connects his property at 351 Bartlett Road to Lindemann Lane.

        Appellant Basa's Question 2 poses the following query: "Did the Town of Plainfield Selectboard act improperly in amending Town of Plainfield ordinance Section 3.4 in a manner contrary to that approved by the voters of the Town of Plainfield?"   Section 3.4 is the section of the Town of Plainfield Zoning Regulations under which the DRB completed its review of Mr. Saman's application.  The Town argues that Question 2 should be dismissed because it is outside this Court's jurisdiction to address.

        We agree with the Town that we do not have jurisdiction to address Appellant Basa's Question 2. Challenges to selectboard decisions and actions do not come before this Court, but, rather, are properly raised either with the selectboard itself, under the provisions described in 24 V.S.A. § 4442, or in the Civil Division of the Superior Court, following the procedures outlined in V.R.C.P. 75.  There is no provision in the applicable statutes, Chapter 117 of Title 24 (Municipal and Regional Planning and Development), for the Environmental Division to review challenges to selectboard determinations.  Cf. 24 V.S.A. § 4465 ("An interested person may appeal any decision or act taken by the *administrative officer* . . . .") (emphasis added); 24 V.S.A. § 4303(9) (defining "legislative body" to include a town's selectboard, among other entities, but not indicating that such an entity should be regarded as an "administrative officer").  Unless and until the Civil Division deems the ordinance here void, or, a challenge is successfully raised in this Court as to the constitutionality of the ordinance or the Town's authority to adopt the ordinance,[1] we are obligated to recognize it as valid.

---

[1] Within the context of actions properly before us, we do have jurisdiction to hear challenges to the validity of an ordinance when such challenges call into question a municipality's authority to adopt the ordinance in the first place; if we determine a municipality is acting outside of its authority, no ordinance exists for us to apply.  See In re Paynter 2-Lot Subdivision 2010 VT 28, ¶¶ 3, 7–8, 187 Vt. 637 (mem.) (affirming the then-Environmental Court's determination that a municipality could challenge the validity of its own zoning ordinance based on a lack of authority for the municipality to have enacted the ordinance in the first place); In re Appeal of JAM Golf, LLC, 2008 VT 110, ¶¶ 12–14, 17–19, 185 Vt. 201 (reversing the then-Environmental Court's application of an ordinance after finding the ordinance unconstitutional for its vagueness and grant of standardless discretion to decision-makers).  Despite Appellant Basa's

Because we conclude that this Court does not have jurisdiction to hear Appellant Basa's challenge to the propriety of the Town of Plainfield Selectboard actions, we must **GRANT** the Town's motion and **DISMISS** Question 2 from Appellant Basa's revised Statement of Questions.

We direct the parties to now comply with the briefing schedule for this on-the-record appeal that we have provided in our accompanying Entry Order on Peter Saman's motion to dismiss.

_____                    _____September 2, 2011_____
            Thomas S. Durkin, Judge                                                            Date

========================================================================

Date copies sent to: _____                                    Clerk's Initials _____

Copies sent to:

  Thomas Hayes, Attorney for Appellee/Applicant Peter Saman

  Elizabeth H. McGill, Attorney for Appellant William Basa

  Robert Halpert, Attorney for Interested Person Town of Plainfield

  Brice C. Simon, Attorney for Interested Person Brenda Lindemann

---

citation to Paynter 2-Lot Subdivision in his memorandum, we do not read his Question 2 as raising the type of challenge present in the Paynter appeal. Rather, with Question 2 he inquires into the propriety of the Town of Plainfield Selectboard actions.