**State of Vermont**
**Superior Court—Environmental Division**

===========================================================================
### E N T R Y  R E G A R D I N G  M O T I O N
===========================================================================

**In re Union Bank**                                          **Docket No. 7-1-12 Vtec**
**(Appeal from District #5 Environmental Commission Decision)**

Title: Motion to Dismiss Appellant's Questions Numbered 2, 3, & 4, or in the Alternative for
Clarification (Filing No. 2)

Filed: Feb. 15, 2012

Filed By: Cross-Appellant Jean Jenkauskas

Response in Support filed on 3/2/12 by Interested Person Village of Jeffersonville

Response in Opposition filed on 3/12/12 by Appellant Union Bank


 X  Granted                    ___ Denied                 ___ Other

         At issue in this appeal is Jean Jenkauskas' ("Cross-Appellant") motion to dismiss, strike,
or clarify certain Questions that Union Bank ("Appellant") raises in its Statement of Questions.
Appellant has appealed a decision by the District 5 Environmental Commission ("the
Commission") denying it an Act 250 permit for the construction and operation of a bank facility
on a lot at the intersection of Vermont Routes 15 and 108 in the Village of Jeffersonville ("the
Village").  The Commission concluded that Appellant's proposed project complied with all Act
250 criteria but criterion 10 (specifically, compliance with municipal plan provisions concerning
development within a designated flood hazard area).

         Appellant raises four Questions in its Statement of Questions.  The first and chief
Question is whether Appellant's proposed project complies with 10 V.S.A. § 6086(a)(10) (Act 250
criterion 10).  Cross-Appellant does not seek to dismiss, strike, or clarify this Question, but
rather challenges Appellant's Questions 2–4.  Cross-Appellant moves to dismiss Questions 2–4
under V.R.C.P. 12(b)(1) and 12(b)(6).  In the alternative, Cross-Appellant moves to strike these
three Questions as redundant under V.R.C.P. 12(f).  Finally, if this Court does not dismiss or
strike Appellant's Questions 2, 3, or 4, Cross-Appellant moves for the clarification of the
remaining Question or Questions under V.R.C.P. 12(e).

         Under V.R.E.C.P. 5(f), a party filing a notice of appeal with this Court must also file a
statement of questions setting out the issues the party seeks to have determined by the Court.
This statement of questions is "subject to a motion to dismiss or clarify some or all of the
questions."  Id.  In reviewing a motion to dismiss or clarify questions submitted by an
appellant, this Court utilizes the standards set out in V.R.C.P. 12.  See V.R.E.C.P. 5(a)(2)
(providing that the Vermont Rules of Civil Procedure apply generally to this Court's
proceedings).

         We will grant a motion to dismiss a question from an appellant's statement of questions
under V.R.C.P. 12(b)(1) if the question raises issues over which this Court lacks subject matter
jurisdiction.  Similarly, we will grant such a motion under V.R.C.P. 12(b)(6) if the question fails

to state a claim upon which we can grant relief.  Under V.R.C.P. 12(f), the Court also has the discretion to strike a question from a statement of questions if the question is redundant to other questions raised.  Finally, we may require a litigant to clarify a question under V.R.C.P. 12(e) if the question is "so vague or ambiguous that a party cannot reasonably be required to frame a respons[e]."

I.    **Question 2 – Ambiguity of the Village Plan**

Appellant's Question 2 asks, "Is the Village of Jeffersonville municipal plan, or portions thereof, void for vagueness or too ambiguous to be enforceable?"  (Appellant's Statement of Questions, filed Feb. 1, 2012).  In her motion to dismiss, strike, or clarify Questions, Cross-Appellant challenges Question 2 for failing to reference the particular portions of the municipal plan alleged to be vague or ambiguous and for failing to raise issues distinct from those raised in Appellant's Question 1.[1]  (Cross-Appellant's Mot. to Dismiss, Strike, or Clarify Questions at 2, filed Feb. 15, 2012).  The Village, participating in this proceeding as an interested person, echoes Cross-Appellant's argument that this Court should strike Appellant's Question 2 as redundant in light of Question 1.  Both Cross-Appellant and the Village contend that this Court, in conducting its *de novo* review of Appellant's project under criterion 10 as Appellant's Question 1 requests, will evaluate whether the language of the Village Plan applicable to Appellant's project is mandatory or aspirational, and thus whether it is enforceable against Appellant.

First, we note that the language Appellants challenge does not appear in a zoning regulation, but rather in a municipal plan.  Such documents are, by their very design, replete with aspirational language; their very purpose is to express desired goals for future land uses, later encapsulated by specific municipal bylaws and regulations.  To argue that an intentionally aspirational document not principally designed to provide enforceable legal standards is, in some unspecified way, too ambiguous to enforce seems to be an attack premised upon the very purpose of the document.

Nonetheless, state statutes and local regulations routinely require conformity with municipal or regional plans, which do sometimes contain mandatory language.  Our Supreme Court has directed that when a reviewing court is asked to determine conformity with a municipal plan, the court's review must focus on "'specific policy' set forth in the plan" to act as a standard against which a reviewing court can gauge compliance.  In re John A. Russell Corp., 2003 VT 93, ¶16, 176 Vt. 520 (quoting In re Green Peak Estates, 154 Vt. 363, 369 (1990)).  The specific policy must be stated "in language that 'is clear and unqualified, and creates no ambiguity.'"  Id. (quoting In re MBL Assocs., 166 Vt. 606, 607 (1997) (mem.)).  The Russell Court continued with several cautions for a court determining town plan conformance:

> Broad policy statements phrased as "nonregulatory abstractions," however, may not be given "the legal force of zoning laws," In re Molgano, 163 Vt. 25, 31 (1994), which "are designed to implement the town plan, and may provide meaning where the plan is ambiguous." In re Kisiel, 172 Vt. 124, 130 (2000). As succinctly

---

[1] Appellant also raises arguments based on the Commission's review of the proposed project.  In this *de novo* proceeding, we consider the matter anew as if no decision had been made below.  In re Killington, Ltd., 159 Vt. 206, 214 (1992) (citing In re Green Peak Estates, 154 Vt. 363, 372 (1990)).  Thus, we will exclude those matters outside the pleadings raised by Cross-Appellant in her motion, because they deal with the Commission's reasoning in denying Appellant its permit.

stated in Smith, 140 Vt. at 183, 436 A.2d at 762, "[t]he regulations control the plan."

Id.

Thus, to the extent that statutes and zoning regulations incorporate (by reference) mandatory provisions of municipal plans, it is important to examine those plan provisions to ensure that individuals' rights are not violated by standardless provisions. Indeed, this is precisely why our first consideration in reviewing a project under Act 250 criterion 10 is "whether the language in the Town Plan is mandatory or aspirational." In re Rivers Dev., LLC, Nos. 7-1-05 Vtec and 68-3-07 Vtec, slip op. at 9 (Vt. Super. Ct. Envtl. Div. Jan. 8, 2008) (Durkin, J.) (internal citations omitted). We will not require Appellant's project to comply with "aspirational" language contained within the plan, even if such language refers to projects such as the one proposed. See id. If we determine in the pending appeal that the Village plan contains mandatory language applicable to the proposed project that is nevertheless too ambiguous to be enforceable, we will not enforce that language. See In re Appeal of JAM Golf, LLC, 2008 VT 110, ¶¶ 12–14, 185 Vt. 201 (holding that "essentially standardless" wildlife protection ordinance violates property owners' due process rights and is unenforceable).

The manner in which Appellant posed its Question 2 is problematic because it appears to presume that this Court, in conducting its future *de novo* review, will obligate Appellant and its project to conform to provisions of the Village Plan that may be ambiguous or standardless. A question phrased in this manner is simply not ripe for review, since no such determination has been made. We intend to carefully follow the directives of the Russell Court in our review of Applicant's Question 1. We believe that a critique of our analysis may only be properly completed after we complete our analysis.

Accordingly, we **GRANT** Cross-Appellant's motion to dismiss Appellant's Question 2 for failure to state a claim upon which we can grant relief at this time.

## II.     Question 3 –   Appellant's Right to Due Process

Appellant's Question 3 asks, "Does denial of Appellant's proposed development for failure to comply with the Village of Jeffersonville municipal plan violate Appellant's right to due process?" (Appellant's Statement of Questions, filed Feb. 1, 2012). Cross-Appellant and the Village interpret this Question as referring to an alleged due process violation that occurred in the proceeding below, when the Commission denied Appellant its permit. They contend that Appellant's Question 3 fails to raise a valid claim for relief, as this Court will review the case *de novo*, granting Appellant a full and fair opportunity to present its case.[2]

In its response to Cross-Appellant's motion, Appellant challenges Cross-Appellant and the Village's interpretation of the Question. Appellant emphasizes that its "Question 3 asks whether denial of the project in this proceeding on the basis of noncompliance with the municipal plan would violate Union Bank's right to substantive due process." (Appellant's Resp. to Cross-Appellant's Mot. to Dismiss, Strike, or Clarify Questions 7, filed Mar. 12, 2012) (emphasis in original). Appellant asserts that, read in this light, the Question "does not allege a violation of procedural due process, and is not related to the proceedings below." Id. at 8.

---

[2] Additionally, Cross-Appellant and the Village argue that no systematic or structural deficiencies existed in the procedure used by the Commission below.

However, under Appellant's interpretation, Question 3 presents the same ripeness problem as Question 2. The Vermont Supreme Court in JAM Golf, 2008 VT 110 at ¶ 14, held that an applicant's right to due process is violated when a permit is denied based on mandatory provisions in a town ordinance or plan that "provide[] no guidance as to what may be fairly expected from landowners." Appellant's assertion here appears to be that its right to due process will be violated if this Court denies Appellant a permit based on mandatory provisions in the Village plan that are overly vague or ambiguous. In fact, the reason this Court reviews applicable mandatory provisions of a town plan for vagueness or ambiguity is to protect an applicant's substantive due process rights. Since the Court has not yet taken any action in this case, we **GRANT** Cross-Appellant's motion to dismiss Appellant's Question 2 for failure to state a claim upon which we can grant relief at this time.

### III.     Question 4 – Village Plan Void for Procedural Defects

Appellant's Question 4 asks, "Is the Village of Jeffersonville municipal plan void based upon the Village's failure to follow correct procedures in adopting the municipal plan?" (Appellant's Statement of Questions, filed Feb. 1, 2012). Cross-Appellant argues that this Question is beyond the subject matter jurisdiction of the Court. In its response in support of Cross-Appellant's motion, the Village additionally argues that the statute of limitations for challenging the procedures used by the Village to adopt the plan has run, under 24 V.S.A. § 4483(b).

Appellant challenges both arguments. Appellant claims that this Court does have subject matter jurisdiction to hear challenges to the constitutionality of a particular municipal regulation or to the municipality's authority to adopt the regulation if such a challenge is brought "in the context of an appeal properly before the Court." (Appellant's Resp. to Cross-Appellant's Mot. to Dismiss, Strike, or Clarify Questions 7, filed Mar. 12, 2012) (citing In re Saman ROW Approval, No. 176-10-10 Vtec (Vt. Envtl Ct. Sept. 2, 2011) (Durkin, J.)). Appellant argues that because it properly appealed this case under 10 V.S.A. § 8504(a), this Court can review the adoption of the municipal plan as it relates to the review of Appellant's permit application. Appellant also contends that the statute of limitations barring challenges to the adoption of municipal plans under 24 V.S.A. § 4483(b) does not apply in this case, since Appellant is challenging the plan for jurisdictional or substantive defects, rather than procedural defects. Specifically, Appellant claims that if the Village failed to "meet its jurisdictional obligations under the enabling statute" in adopting the Village plan, "the Village had no authority to adopt the municipal plan and it is null and void. If the plan is null and void, it cannot be the basis of denial of the Union Bank's project." Id. at 10–11.

Appellant is correct in asserting that this Court has jurisdiction to review the validity of a municipal ordinance or plan in an appeal of a permit denial under the terms of that ordinance or plan. See Saman ROW, No. 176-10-10 Vtec, slip op. at 1 n.1. (citing In re Paynter 2-Lot Subdivision, 2010 VT 28, ¶¶ 3, 7–8, 187 Vt. 637 (mem.); JAM Golf, LLC, 2008 VT 110, ¶¶ 12–14, 17–19). If a municipality acted outside of its authority in adopting such an ordinance or plan, no ordinance or plan exists for us to apply. Id. Thus, this Court does have jurisdiction to review the validity of the Village plan in this appeal, barring some other statutory restraint.

However, in raising the statute of limitations found in 24 V.S.A. § 4483(b), the Village argues that such a statutory restraint exists in this case. Section 4483(b) states, "No person shall challenge for purported procedural defects the validity of any plan or bylaw as adopted,

amended, or repealed under this chapter after two years following the day on which it would have taken effect if no defect had occurred."  Appellant does not dispute the Village's assertion that the Village plan was adopted on October 12, 2009 or that the plan became effective immediately, pursuant to 24 V.S.A. § 4385(c).  Thus, the parties do not dispute that any procedural challenges to the plan became time-barred on October 12, 2011 under § 4483(b).

Appellant first raised its challenge to the validity of the Village plan in January 2012, and it is therefore time-barred from challenging the plan's validity on procedural grounds. Appellant responds to the Village's assertion that its procedural claim is time-barred by asserting that its Question 4 challenges the validity of the Village plan for unspecified[3] *substantive* defects, which caused the Village to adopt the plan without the proper jurisdiction. While Appellant may believe that the Village plan is invalid for failing to meet certain substantive requirements, however, its Question 4 plainly challenges the plan "based upon the Village's failure to follow correct *procedures*."  (Appellant's Statement of Questions, filed Feb. 1, 2012) (emphasis added).  Because the two-year statute of limitations for raising procedural challenges to the Village plan had run at the time Appellant made this challenge, Appellant's Question 4 raises an issue upon which this Court cannot grant relief.  Clarification of Question 4 is not appropriate in this case, as the language of the Question is clear and unambiguous, despite Appellant's attempt to recast the Question in its response to Cross-Appellant's motion. Accordingly, we **DISMISS** Appellant's Question 4 for failing to state a claim upon which this Court can grant relief.

Cross-Appellant's motion is therefore **GRANTED** as to all challenged Questions.  The scope of Appellant's appeal is now limited to Appellant's Question 1 and our final determinations on the pending summary judgment motion that challenges Cross-Appellant's Questions.  We address that summary judgment motion in an Entry Order that accompanies this Order.

_____          _____November 8, 2012_____
         Thomas S. Durkin, Judge                                              Date

=================================================================================

Date copies sent: _____                                    Clerk's Initials: _____
Copies sent to:
  Annie Dwight, Attorney for Appellant Union Bank
  Brice C. Simon, Attorney for Cross-Appellant Jean Jenkauskas
  David W. Rugh, Attorney for Interested Person Village of Jeffersonville
  John H. Hasen, Attorney for Interested Person Natural Resources Board, LU Panel
  Elizabeth Lord, Attorney for Interested Person Agency of Natural Resources

---

[3]  Appellant offers no details on the substantive defects that allegedly occurred in the municipal plan adoption process.  In fact, Appellant appears to concede that it has no such details, but rather hopes that the discovery process in this litigation will reveal the specifics they believe will support these claims. Without some basis for Appellant's assertions of substantive defects in the Village plan approval process, we cannot entertain its contention that substantive defects occurred.