**State of Vermont**
**Superior Court—Environmental Division**

=========================================================================
### E N T R Y   R E G A R D I N G   M O T I O N
=========================================================================

**University Mall, LLC & 205 DS LLC v. City of South Burlington**      **Docket No. 102-8-12 Vtec**

Title:  Motion to Dismiss (Filing No. 1)

Filed:  September 19, 2012

Filed By:  Defendant City of South Burlington

Response in opposition filed on 10/11/12 by Plaintiffs University Mall, LLC & 205 DS LLC

Reply filed on 10/29/12 by Defendant City of South Burlington


  _X_ Granted                    ___ Denied                    ___ Other


        University Mall, LLC and 205 DS LLC ("Plaintiffs") bring an original action before this Court pursuant to 24 V.S.A. § 4472(b), seeking a declaratory judgment and damages against the City of South Burlington ("the City").  These claims arise from a denial of Plaintiffs' conditional use application by the City Council under the City of South Burlington Interim Zoning Bylaw adopted on February 21, 2012 ("Interim Bylaw").  This action is not an appeal of the City Council's decision, which Plaintiffs raise in a separate action now pending before this Court, Docket Number 100-7-12 Vtec.

        We turn first to whether Plaintiff's declaratory judgment action is appropriately before this Court.  Pursuant to Rule 3 of the Vermont Rules of Environmental Court Procedure, "any . . . original action concerning a subject matter within the jurisdiction of the Environmental Court in which the relief sought is not available under other provisions of these rules" is within the original jurisdiction of the Environmental Division and "shall be commenced and conducted as [a] civil action."  V.R.E.C.P. 3(10).  Because declaratory judgment relief is not specifically available under other provisions of the V.R.E.C.P., Rule 3(10) allows this Court to hear such actions as long as they concern a subject matter within the Court's jurisdiction.  In its motion to dismiss Plaintiff's complaint, however, the City argues that this matter is not within our jurisdiction.

        Under the express terms of the statute, a claim is only validly raised under 24 V.S.A. § 4472(b) if it challenges "the constitutionality of any one or more of the provisions of any bylaw or municipal plan."  Id.  Parties challenging actions or failures to act under bylaw or municipal plan provisions must generally bring such claims as an appeal under 24 V.S.A. § 4472(a).  The Vermont Supreme Court has strictly enforced the § 4472(a) exclusivity-of-remedy provision, and has held that the failure to properly appeal an action under bylaw or municipal plan provisions makes such an action binding under 24 V.S.A. § 4472(d).  See City of So. Burlington v. Dep't of Corrections, 171 Vt. 587, 588 (2000) (mem.) (citing Town of Sandgate v. Colehamer, 156 Vt. 77, 84 (1990)).  According to the Supreme Court,

> [t]he broad and unmistakable language of [24 V.S.A. § 4472(d)] is designed to prevent *any* kind of collateral attack on a zoning decision that has not been properly appealed through the mechanisms provided by the municipal planning and development statutes.

Id. at 588–89.

The 24 V.S.A. § 4472(a) exclusivity-of-remedy provision does not bar a separate and distinct action for the unconstitutional deprivation of property under 42 U.S.C. § 1983. See Littlefield v. Town of Colchester, 150 Vt. 249, 250 (1988) (finding that "a civil action for unconstitutional deprivation of property, in violation of 42 U.S.C. § 1983, is not dependent on the zoning appeal mechanism set out in 24 V.S.A. § 4472"). However, such an action would not be within the jurisdiction of the Environmental Division under 24 V.S.A. § 4472(b). See Hinsdale v. Village of Essex Junction, 153 Vt. 618, 627 (1990) ("24 V.S.A. § 4472(b) allows plaintiff to attack the constitutionality of a provision of the zoning ordinance; it does not authorize a constitutional attack on the application of the ordinance to his particular facts.")

In this case, Plaintiffs raise five counts in their complaint. In Count I, Plaintiffs challenge the validity of the Interim Bylaw; they allege that at the time the City issued the notice of the public hearing to adopt the Interim Bylaw, the City had failed to undertake the preliminary actions mandated by 24 V.S.A. § 4415(a) before a municipality may adopt an interim bylaw. Thus, Plaintiffs claim that the Interim Bylaw was void ab initio.

Plaintiffs' Count I does raise a challenge to "any one or more of the provisions of [a] bylaw." 24 V.S.A. § 4472(b). However, in Count I, Plaintiff challenges the enactment of the Interim Bylaw not on constitutional grounds, but rather on statutory grounds, for an alleged failure to follow enactment procedures outlined in 24 V.S.A. § 4415. See In re Paynter 2-Lot Subdivision, 2010 VT 28, ¶¶ 3, 11, 187 Vt. 637 (mem.) (finding that the enactment of a town ordinance after the expiration of the town plan contrary to 24 V.S.A. § 4387(c) was a statutory, not constitutional, violation that rendered the ordinance void ab initio). Because this Court only has the jurisdiction to hear claims brought under 24 V.S.A. § 4472(b) that challenge the constitutionality of one or more provisions of a bylaw, we **GRANT** the City's motion to dismiss Count I of Plaintiff's complaint.

Plaintiffs' Count II raises a specific challenge to Interim Bylaw Section VI. Plaintiffs point out that Section VI contains more conditional use review criteria than the four enumerated in 24 V.S.A. § 4415(e) and argue that the City's inclusion of these additional criteria "exceeds the statutory authority granted to the municipality" and "is fatally defective to enforcement of the Interim Bylaw and the Bylaw itself." (Compl. for Declaratory J. at 3, filed Aug. 1, 2012.) As with Plaintiffs' Count I, however, Count II alleges a statutory, not a constitutional, violation. See Paynter, 2010 VT 28 at ¶¶ 3, 11. Accordingly, we **GRANT** the City's motion to dismiss Count II of Plaintiff's complaint.

Unlike Plaintiffs' Counts I and II, Counts III, IV, and V expressly challenge actions taken by the City Council.[1] As described above, this Court only has jurisdiction to hear such

---

[1] Count III challenges the City Council's "refusal to review the application under the statutory criteria and to decide the application thereon." (Compl. for Declaratory J. at 5, filed Aug. 1, 2012.) Count IV claims that the City Council's consideration of Plaintiffs' application was contrary to law, and therefore violated Plaintiffs' constitutional rights. Id. at 5–6. For the same reasons described by Plaintiffs' in Count

challenges within the context of an appeal specifically from the decision or action being challenged.  Such an appeal must be taken pursuant to Chapter 24 of the Vermont Statutes Annotated and brought under 24 V.S.A. § 4472(a), unless a party challenges the constitutionality of one or more provisions of a bylaw or municipal plan.  24 V.S.A. §§ 4472(a), (b).  Accordingly, we **GRANT** the City's motion to dismiss Counts III, IV, and V of Plaintiffs' complaint.

Because we have dismissed each of the individual counts in Plaintiffs' action, we **DISMISS** Plaintiffs' declaratory judgment complaint under the provisions of V.R.C.P. 12(b). Plaintiffs' claims are more appropriately raised in an appeal of the City Council's decision pursuant to 24 V.S.A. § 4472(a), and Plaintiffs have already filed such an appeal with this Court in Docket Number 100-7-12 Vtec.

This Entry Order concludes the matter before the Court in this Docket.


_____                    _____January 29, 2012_____
          Thomas S. Durkin, Judge                                              Date
=================================================================

Date copies sent to: _____                                Clerk's Initials _____

Copies sent to:
   Daniel P. O'Rourke, Attorney for Plaintiffs University Mall, LLC and 205 DS, LLC
   John H. Klesch, Attorney for Defendant City of South Burlington
   Phillip C. Woodward, co-counsel for Defendant City of South Burlington.

---

IV, Count V alleges that the City Council's consideration of Plaintiffs' application was arbitrary and capricious.  Id. at 6.