STATE OF VERMONT

SUPERIOR COURT | ENVIRONMENTAL DIVISION
Docket No. 43-4-16 Vtec

| | |
|---|---|
| Shatney Home Occupation Denial | DECISION ON MOTION |

**Decision on Cross-Motions for Summary Judgment**

Appellants Wilma and Earl Shatney appeal an April 1, 2016 decision by the Hardwick Development Review Board upholding the Zoning Administrator's denial of their zoning permit application. The matter is now before the Court on cross motions for summary judgment. Appellants, represented by Glenn Howland, Esq., filed their motion for summary judgment on August 5, 2016. The Town of Hardwick, represented by Sarah Davies-Coe, Esq., filed its response and cross motion for summary judgment on August 22, 2016. The parties previously filed a stipulated statement of material facts on August 2, 2016.

**Factual Background**

For the sole purpose of putting the pending motions into context, the Court recites the following facts, all of which either the parties represent are undisputed, or we have determined not to be disputed based on the parties' respective factual representations:

1.      Zoning regulations for the Town of Hardwick are set out in the "Hardwick Unified Development Bylaws," which have been in effect from November 24, 2005 to the present. Stip. Ex. 1.

2.      Appellants Wilma and Earl Shatney ("Appellants" or "the Shatneys") live at 41 School Street, East Hardwick, Vermont. Earl Shatney and his son, Jeffrey Shatney, are independent truck drivers. Earl works at RLBL Trucking, LLC, which he and Jeffrey registered with the Vermont Secretary of State's Office on March 21, 2016. Town Cross Mot. Summ. J., Ex. B. The registered address for the LLC is 41 School Street, East Hardwick, Vermont. Jeffrey is a member of the LLC and although he presently works as an independent truck driver for other entities, in the past he has worked for his father.

3.      In a 2015 decision, the Environmental Division concluded that:

1

the Shatneys violated the performance standards established in Article 3 of the Town's Unified Development Bylaws. Specifically, the noise, vibrations, and fumes caused by the idling of their commercial tractors is not in compliance with the general standards under Bylaws § 3.11(A)(1), (7), and (8) that prohibit any use that causes, creates, or results in, among others, regularly occurring noise, clearly apparent vibration, or smoke, dust, noxious gases, or other forms of air pollution. These performance standards "must be met and maintained for all uses in all districts." Bylaw § 3.11.

Shatney NOV (Overturned), No. 171-12-13 Vtec slip op. at 3 (Vt. Super. Ct. Envtl. Div. Mar. 4, 2015) (Durkin, J.).

4.      The Shatneys drive certain vehicles that may be used in connection with their truck-driving activities. These are of the same type and general nature as the following:

    a.  A commercial Western Star diesel tractor.

    b.  A Ford flatbed truck.

    c.  A Ford F150 pickup truck.

5.      The Shatneys seek approval for a Home Occupation permit to allow them to operate their small independent family truck-driving business from their home at 41 School Street. The people involved in the business are Earl, Wilma, and Jeffrey Shatney.

6.      A petition to amend the Hardwick Unified Zoning Bylaws and bearing the signatures of not less than 5% of the Town of Hardwick voters was submitted on behalf of the Shatneys to the Town of Hardwick on August 5, 2015.

7.      The Planning Commission considered the proposed amendments pursuant to 24 V.S.A. § 4441, and then submitted them to the Hardwick Select Board with a written report and recommendations. Stip. Ex. 2 (amendment proposal); Stip. Ex. 3.1(A.2) (redline version of proposed amendments); Stip. Ex. 3.1(A.3) (clean version of proposed amendments).

8.      On December 18, 2015, the Hardwick Select Board warned that it would hold a public hearing on the proposed amendments on January 7, 2016.

9.      The Shatneys submitted a Home Occupation permit application, which is the subject of this appeal, on January 5, 2016. Stip. Ex. 3.

10.     Section 4.8(A) of the Unified Bylaws states, in part:

Home Occupation. In accordance with the Act [§ 4412(4)], no provision of these regulations may infringe upon the right of any resident to use a minor portion of

2

a dwelling for an occupation which is customary in residential areas and which does not have an undue adverse effect upon the character of the surrounding neighborhood or area. No zoning permit is required for a home occupation.

11. The Select Board held a public hearing on the proposed zoning amendments on January 7, 2016. Stip. Ex. 4 (meeting minutes).

12. At its next meeting, on January 21, 2016, the Select Board voted not to adopt the proposed amendments. Stip. Ex. 5 (meeting minutes).

13. The Zoning Administrator ("ZA") denied Appellants' permit application by written decision dated January 22, 2016. Stip. Ex. 6 (written decision); Town Cross Mot. Summ. J., Ex. A (Affidavit of ZA Kristen Leahy). The decision reads, in part:

> As this permit has been requested by the applicant, it has been reviewed under both the current and the proposed amendments to the Hardwick Unified Development Bylaws. The application is denied due to the fact that it will have an "undue adverse effect upon the character of the surrounding neighborhood or area" per the decision of March 4, 2015 by Judge Thomas Durkin regarding Docket No. 171-12-13 Vtec – Shatney NOV (Overturned). Under the proposed changes to the Hardwick Unified Development Bylaws, the application would still not comply, because the Select Board has already denied the petitioned amendments. (See the minutes of the Select Board meeting for January 21, 2016). If the Select Board were to approve the petitioned amendments within the 150 day period following the issuance of the public notice for the first public hearing by the local legislative body (by May 22, 2016), then the Zoning Administrator will revisit this denial.

14. Appellants appealed the denial to the Hardwick Development Review Board ("DRB"). The DRB affirmed the ZA's denial by written decision dated April 1, 2016. Stip. Ex. 7. That decision explains in part that the Shatneys' Home Occupation application:

> was correctly reviewed under both the existing zoning bylaws and under the proposed amended zoning bylaws. The application would be denied under the current zoning bylaws. And the approval of the application, under the proposed amended version, would have been conditioned upon the adoption of the proposal to amend the existing Hardwick Unified Development Bylaws. The petition was not adopted by the Hardwick Select Board.

## Discussion

### I. Scope and Standard of Review

In this *de novo* appeal, we sit in the place of the DRB and determine whether the permit application complies with the zoning bylaws. In re Irish Constr. Application, No. 44-3-08 Vtec, slip

3

op. at 6 (Vt. Envtl. Ct. Sep. 8, 2008) (Durkin, J.). Our review is limited to the issues raised in Appellants' Statement of Questions, including issues "intrinsic" to those directly discussed in the Statement of Questions. V.R.E.C.P. 5(f); In re Jolley Assocs., 2006 VT 132, ¶ 9, 181 Vt. 190.

We grant summary judgment when the moving party shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a) (applicable here through V.R.E.C.P. 5(a)(2)). Because the material facts that have been presented to the Court are not disputed, we are able to address most of the issues raised on summary judgment.[1] As discussed below, however, summary judgment is not appropriate to resolve part of Question 4 because the facts are insufficient to allow us to determine that either moving party is "entitled to judgment as a matter of law."

## II. Whether the Application Was Reviewed in Compliance with 24 V.S.A. § 4449(d), and Whether It Should Have Been Approved Under the Proposed Amendments

Appellants argue that the Town should have reviewed their zoning application under the proposed amendments, and should have approved the application under these amendments.[2]

Normally, "a permit applicant gains a vested right in the governing laws and regulations in existence when a complete permit application is filed." In re Times and Seasons, LLC, 2011 VT 76, ¶ 12, 190 Vt. 163 (citing Paynter 2–Lot Subdivision, 2010 VT 28, ¶ 9, 187 Vt. 637). This rule is subject to a statutory exception which reads, in pertinent part, as follows:

> If a public notice for a first public hearing . . . is issued under this chapter by the local legislative body with respect to the adoption or amendment of a bylaw . . . the administrative officer, for a period of 150 days following that notice, shall review any new application filed after the date of the notice under the proposed

---

[1] In addition to relying on the Stipulated Statements of Material Facts, Appellants state that their Memorandum in Support of Summary Judgment also relies on Prefiled Testimony of Wilma Shatney and a Supplemental Statement of Material Fact, which is based on the Wilma Shatney prefiled testimony. While the Prefiled Testimony was filed with the Motion for Summary Judgment, no Supplemental Statement of Material Fact was filed then, nor has any been filed since. See August 5, 2016 cover letter to electronic filing and certificate of service (listing documents filed).

[2] Question 1 asks whether the zoning application "shall be reviewed in a manner complying with the legislative mandate appearing in 24 V.S.A. § 4449(d)." Question 2 asks "[w]hether, pursuant to 24 V.S.A. § 4449(d) and the vested rights doctrine, the proposed revised zoning bylaws at issue in this case were in existence and fully operational" from the point the Select Board announced the public hearing on the proposed amendments to the point the Select Board issued its decision not to adopt the proposed amendments. Question 3 asks whether, under § 4449(d) and the vested rights doctrine, their permit application should be considered pursuant to the proposed bylaw amendments. Question 4 asks whether their zoning application should have been granted because it was in compliance with the governing bylaws and the proposed amendments at the time it was under review.

4

bylaw or amendment and applicable existing bylaws . . . . If the new bylaw or amendment has not been adopted by the conclusion of the 150-day period or if the proposed bylaw or amendment is rejected, the permit shall be reviewed under existing bylaws . . . . An application that has been denied under a proposed bylaw or amendment that has been rejected or that has not been adopted within the 150-day period shall be reviewed again, at no cost, under the existing bylaws and ordinances, upon request of the applicant.

24 V.S.A. § 4449(d); see also Bylaws at § 7.1(C)(2) (indicating that ZA must consider permit applications in conformity with § 4449).

Here, the Select Board issued public notice for a first public hearing on the proposed bylaw amendments on December 18, 2015. The Shatneys submitted their permit application on January 5, 2015. The Select Board issued its decision declining to adopt the amendments on January 21, 2015. The ZA issued her decision on the permit application on January 22, 2016.

Appellants argue that § 4449(d) requires an administrative officer to review all applications submitted within the 150-day period under the proposed bylaw or amendment, even if that proposal is rejected within the 150-day period. They reason that the zoning application here was <u>filed</u> within 150 days that notice was given on the proposed amendments, and it was <u>filed</u> before the proposed amendments were rejected, therefore the ZA had a statutory obligation to review the application under the proposed amendments.

Our "paramount goal . . . in construing a statutory provision is to give effect to the intent of the Legislature." <u>Town of Killington v. State</u>, 172 Vt. 182, 188 (2001) (citing <u>State v. O'Neill</u>, 165 Vt. 270, 275, (1996)). "If the meaning of the disputed statutory language is unambiguous and resolves the conflict without doing violence to the legislative scheme, we accept the plain meaning as the intent of the Legislature without looking further." <u>Id</u>. (citations omitted). In this process we "consider the statute as a whole[,] giving effect to a statute's every word, sentence, and clause, when possible." <u>Holton v. Dep't of Employment & Training (Town of Vernon)</u>, 2005 VT 42, ¶ 21, 178 Vt. (citing <u>Woolaver v. State</u>, 2003 VT 71, ¶ 21, 175 Vt. 397).

Appellants rely on the sentence in § 4449(d) which reads: "the administrative officer, for a period of 150 days following [public notice of a proposed bylaw or amendment], <u>shall review any new application filed after the date of the notice</u> under the proposed bylaw or amendment and applicable existing bylaws." (emphasis added). When read alone, this sentence appears to

support the idea that a zoning application must be reviewed under proposed amendments as long as it is filed within the 150-day period. When read together with the following sentence, however, this interpretation is incomplete.

That next sentence instructs that "[i]f the new bylaw or amendment has not been adopted by the conclusion of the 150-day period **or** if the proposed bylaw or amendment is rejected, the permit shall be reviewed under existing bylaws." (emphasis added). The use of the disjunctive "or" in this sentence makes clear that the 150-day period only applies if the body reviewing the proposed bylaw or amendment does not act. The 150-day period does not apply if the reviewing body rejects the proposed bylaw or amendment. See 1A Sutherland Statutory Construction § 21:14 (7th ed. 2009) ("The use of the disjunctive usually indicates alternatives and requires that those alternatives be treated separately."). In other words, the duty to review a zoning application under the proposed bylaw or amendment ends either after the 150-day period, or any time the proposed bylaw or amendment is rejected.

Here, the Appellants submitted their permit application on January 5, 2016. This was within 150 days of the public notice of the first public hearing on the proposed amendments, and before the Select Board had acted on the proposed amendments. The duty to review the application under the proposed amendments, pursuant to § 4449(d), was therefore triggered. When the select board rejected the proposed amendments on January 21, 2016, that duty was extinguished. If the ZA had reviewed the application and issued a decision between January 5 and January 21, she would have been obliged to review the application under both the existing bylaws and the proposed amended bylaws. Because she reviewed the application and issued her decision after this period, her only duty was to review the application under the existing bylaws.

The facts do not support Appellants' assertion that the Town put a moratorium on reviewing the zoning application until after ruling on the proposed amendments, or that the ZA delegated her authority to the Select Board by waiting for them to reject the proposed amendments before issuing her own decision. The Shatneys submitted their permit on January 5, 2016, and the ZA denied it on January 22, 2016. This is a reasonable period of time to review and decide on a permit application.

For the above reasons we conclude that the ZA did not violate §4449(d), and did not err when she declined to review or approve the application under the proposed amendments. We therefore **deny** Appellants' motion for summary judgment, and **grant** the Town's cross-motion for summary judgment, regarding Questions 1, 2, and 3, and the part of Question 4 which asks whether the application should be granted under the proposed amendments.

### III. Whether the Application Should Have Been Approved Under the Existing Bylaws

Appellants ask in Question 4: "Whether, pursuant to the existing and proposed bylaws in effect on January 5th, 2016, 24 V.S.A. 4449(d) and the vested rights doctrine, the Appellant's application #2016-02 should be granted."

The parties did not brief the question of whether the application should be granted under the existing amendments, and the evidence before us is insufficient to determine whether it should have been granted. In particular, we are unable to determine whether, under the home occupation section of the bylaws, the Shatneys' activities are "customary in residential areas" or whether they "have an undue adverse effect upon the character of the surrounding neighborhood or area."[3]

Because the facts are insufficient for us to determine that either moving party is "entitled to judgment as a matter of law," we are unable to grant either party's motion on this issue. We therefore **deny** both motions for summary judgment as to whether the application should have been approved under the existing bylaws.

### IV. Whether the Bylaws Are Constitutionally Infirm

In their brief, Appellants further argue that the Unified Bylaws are constitutionally defective and void for vagueness, defects which the proposed amendments would have cured. We do not address these arguments because they are not set out—either explicitly or implicitly—

---

[3] As noted above, this Court issued a decision on March 4, 2015 holding that the Shatneys' use of two tractors on their property violated the performance standards set out in the Town's bylaws. The facts set out for the purposes of this motion indicate that the Shatneys now have only one tractor, a flatbed truck, and a pickup truck. Given this change in the factual background, we are unable to rely on our previous factual findings to form a basis for this decision.

in Appellants' Statement of Questions, and no motion to amend the Statement of Questions has been filed. Jolley Assocs., 2006 VT 132, ¶ 9.

### Conclusion

For the reasons set out above, Appellants' Motion for Summary Judgment is **denied**, and the Town's cross-motion **granted**, on Questions 1, 2, and 3. Appellants' Motion for Summary Judgment is **denied**, and the Town's cross-motion **granted**, on the part of Question 4 which asks whether the permit application should have been approved under the proposed bylaw amendments. Both motions are **denied** on the part of Question 4 which asks whether the permit application should have been approved under the existing bylaws.

Please see the enclosed notice setting this matter for a status conference. The parties are directed to be prepared to discuss a pre-trial schedule at this conference.

Electronically signed on October 27, 2016 at 11:19 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division