*Adams–Thompson v. Potter*, 755-11-15 Wncv (Teachout, J., Mar. 29, 2018)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                    **CIVIL DIVISION**
**Washington Unit**                                    **Docket No. 755-11-15 Wncv**

**ANNA M. ADAMS–THOMPSON**
    **Plaintiff**

    **v.**

**TINA POTTER**
    **Defendant**

### DECISION
### Ms. Adams–Thompson's Three Motions to Quash

Plaintiff Anna Adams–Thompson alleges in this case that she was injured in an automobile collision with Defendant Tina Potter. In the course of discovery, Ms. Potter issued subpoenas duces tecum to two academic institutions Ms. Adam–Thompson had attended in the past (Norwich University and Union Institute & University) and one past employer (Washington County Mental Health Services (WCMHS)).[1] In response, Ms. Adams–Thompson filed three motions to quash the subpoenas as overly broad fishing expeditions that are not calculated to lead to relevant information and unreasonably invade her privacy. Ms. Potter opposes all three motions to quash.

In each of Ms. Adams–Thompson's motions, she argues substantially as follows. The car accident at issue occurred in January 2013. That was after she stopped working at WCMHS in 2012, and long after she stopped attending Union Institute in 2004 and Norwich University in 1998. She asserts that the most basic information possessed by each third party may be reasonable to seek (such as salary at WCMHS and degrees conferred by the school), but the subpoenas instead seek all or virtually all documents in the third parties' possession that may relate to Ms. Adams–Thompson. In each motion she also asserts generally without citing any authority that she has privileges or privacy rights at issue.

Ms. Potter's response to all three motions is, in brief, that this case may present some complicated causation and damages issues untangling any physical and emotional injuries Ms. Potter may have suffered due to this accident from those of her many previous automobile accidents (2004, 2007, 2008 (two accidents), and 2011), all of which is complicated by her long history of treatment for depression and anxiety (beginning in 1998), and claims that she is now at least partially unable to work whereas she presumably was fully capable of doing so prior to this accident.

---

[1] None of the subpoenaed third parties has filed a motion to quash or joined Ms. Adams–Thompson's motions. Nor is there any evidence in the record that any yet has complied with the subpoenas. The court presumes they have no objection to compliance and are merely awaiting a ruling on the motions to quash. There is no argument that the subpoenas place any undue burden or expense on the third parties. Ms. Adams–Thompson also has not sought a protective order.

In her three motions, Ms. Adams–Thompson briefly describes her overbreadth objection and generally asserts, without citing any authority, a privacy interest in the materials sought by Ms. Potter. See V.R.C.P. 7(b)(1) ("An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, *shall state with particularity the grounds therefor including a concise statement of the facts and law relied on, and shall set forth the relief or order sought*." (emphasis added)). In support of her opposition to the motions, Ms. Potter demonstrated that Ms. Adams–Thompson's compliance with her discovery requests prior to issuing these subpoenas was less than forthcoming on material issues.

In her reply filings, Ms. Adams–Thompson adds two *new* arguments: (1) *State v. Simoneau*, 2003 VT 83, 176 Vt. 15, only allows subpoenas to be used to acquire records that are relevant, admissible, and specifically identified, and prohibits the use of subpoenas to acquire records for impeachment purposes (one of Ms. Potter's stated reasons for seeking this discovery); and (2) student records are undiscoverable pursuant to Vermont's Public Records Act, 1 V.S.A. § 317(c)(11).

Issues first raised in a reply are not properly before the court. See *In re Paynter 2-Lot Subdivision*, 2010 VT 28, ¶ 13, 187 Vt. 637; *Condosta v. Condosta*, 139 Vt. 545, 547 (1981). Nevertheless, the court notes that *Simoneau* is completely irrelevant to this case. It is a criminal case in which the Court was analyzing the proper breadth of a V.R.Cr.P. 17(c) subpoena, not a V.R.C.P. 45 subpoena. The Court distinguished the Vermont rule from its federal counterpart and held precisely the opposite of Ms. Adams–Thompson's characterization of the case. *Simoneau*, 2003 VT 83, ¶¶ 23–30. The Vermont Public Records Act, and its *conditional* exception for student records, 1 V.S.A. § 317(c)(11), also is irrelevant to this case.[2] There is no public records request at issue.

Ms. Adams–Thompson certainly has privacy interests in her medical, employment, and educational records. However, by filing this lawsuit, which places those matters squarely at issue, she generally has waived related privacy rights and privileges. See *Mattison v. Poulen*, 134 Vt. 158, 163 (1976).

The proper inquiry is merely whether the documents sought in the Rule 45 subpoenas duces tecum are within the proper scope of discovery under Rule 26(b). As the Wright & Miller treatise describes:

> Although a subpoena may be quashed if it calls for clearly irrelevant matter, the district judge need not pass on the admissibility of the documents sought in advance of trial nor quash a subpoena demanding their production if there is any ground on which they might be relevant. As pointed out in the discussion of Rule 26(b), the scope of discovery is not limited to matters that are admissible or relevant to the issues formulated in the case but extends to any nonprivileged

---

[2] The court declines to address what impact, if any, the federal Family Educational and Privacy Rights Act (FERPA), 20 U.S.C. § 1232g, may have on this case. Ms. Potter asserts that she has complied with any regulatory requirements of FERPA in issuing her subpoenas. Ms. Adams–Thompson does not assert any violation of FERPA. She appears to argue instead that it is irrelevant.

matter that is relevant to the claim or defense of any party in the pending action. This discovery relevancy standard has been applied to subpoenas in many cases. Of course, the matter sought by the party issuing the subpoena must be reasonably calculated to lead to admissible evidence as is required by the next to the last sentence of Rule 26(b)(1).

9A Wright & Miller et al., Federal Practice & Procedure: Civil 3d § 2459 (footnotes omitted). The burden of persuasion on the motions to quash is on Ms. Adams–Thompson. See *id.*

The court is not persuaded that the subpoenas should be quashed. It is reasonable for Ms. Potter to want to explore causation and damages in this case in more than usual depth considering Ms. Adams–Thompson's extensive series of car accidents preceding the one in this case, long history of treatment for mental and emotional health conditions, inconsistencies in the record about the termination of her employment with WCMHS, and the nature of her damages claims. The court cannot conclude that the subpoenas, though broad, are not reasonably calculated to lead to admissible evidence.

Ms. Adams–Thompson does not argue that the subpoenas seek disproportionate discovery either. See V.R.C.P. 26(b)(1) (limiting discovery to what is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit").

## ORDER

For the foregoing reasons, Ms. Adams–Thompson's three motions to quash are denied.

Dated at Montpelier, Vermont this _____ day of March 2018.

_____
Mary Miles Teachout
Superior Judge

3