STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
| Vermont Unit | Docket No. 72-5-14 Vtec |

| | |
|---|---|
| Moody Subdivision Approval | DECISION ON MOTION |

**Decision on Motion for Summary Judgment**

Alicia Moody (Applicant) seeks to subdivide approximately 6.1 acres of land located at 2049 Stage Road in the Town of Benson, Vermont (the Town) into two lots.  The Town of Benson Development Review Board (DRB) approved the Project.  Neighboring landowners Morris and Torrin Silver (Appellants) timely appealed that decision to this Court and subsequently filed a Statement of Questions consisting of twelve questions.  Appellants now move for summary judgment on Appellants' Questions 1 through 5.  Applicant moves for dismissal of Appellants' Questions 6 through 10.

Both parties are self-represented, although Appellant Morris Silver indicates that he is a licensed attorney.  The Town of Benson is without legal representation; however, the Town designated Thomas Bartholomew, the Chair of the Town of Benson Planning Commission, as its spokesperson in this appeal.

**Factual Background**

For the sole purpose of putting the pending motion into context the Court recites the following facts which are undisputed:

1.  Alicia Moody owns approximately 6.13 acres of land at 2049 Stage Road, Benson (the Parcel).

2.  The Parcel is located in the Town's Agricultural and Rural Residential Zoning District (ARR District).  Two existing structures are located on the Parcel: a house and a garage.

3.  Morris and Torrin Silver own approximately 56.3 acres of land at 2121 Stage Road, Benson.  This lot abuts the Parcel along its northern border.

1

4. In February 2013 Applicant sought and obtained approval from the DRB for a two-lot subdivision and boundary adjustment at 2049 Stage Road. Appellants timely appealed that decision to this Court and filed a motion for summary judgment. The Court granted summary judgment in Appellants' favor on September 10, 2013, thereby vacating the DRB's March 2013 approval. In re Moody Subdivision Permit, No. 45-4-13 Vtec, slip op. (Vt. Super. Ct. Envtl. Div., Sept. 10, 2013) (Durkin, J.).

5. The Town of Benson's amended Unified Bylaws (the Bylaws) went into effect on September 10, 2013, replacing those bylaws previously amended in 2011.

6. On October 15, 2013, Applicant filed an application with the Town of Benson Development Review Board to subdivide the Parcel into two lots: Lot 1, comprised of approximately 2 acres, and Lot 2, comprised of approximately 4.1 acres (the application).

7. The Parcel's existing structures will be located on Lot 1.

8. The application indicates that Lot 2 will be for use as land only and that Applicant has no plans to build on Lot 2.

9. The application proposed one principal structure or use for Lot 1 and no principal structures or uses for Lot 2.

10. As proposed, both Lot 1 and Lot 2 have at least 30 feet of direct access to Stage Road.

11. Applicant filed a request with the Town of Benson Selectboard for a waiver of the fees due in connection with the application[1]; the Selectboard granted the waiver and Applicant did not pay any fees associated with the application.

12. On April 1, 2014 the DRB issued its Notice of Public Hearing on the application, which the DRB convened on April 17, 2014. There were no interested persons or members of the public present at the hearing. Appellants, however, submitted 9 pages of written comments, which the DRB reviewed at this hearing. After reviewing their written comments, the DRB voted to grant Appellants status as interested persons.

---

[1] According to the Town's Zoning and Subdivision Application Fee Schedule, the fee for a subdivision application is $75 per additional lot created plus $125 in notice cost. Applicant paid this fee when filing the March, 2013 application.

13.    At the hearing, Applicant's representative stated that Applicant was requesting that the development envelopes for both Lots 1 and 2 be established as the area inside the respective setback distances required for the district. Applicant's representative stated that these development envelopes were described on the plat. There are no development envelopes described on the plat submitted to the Court.

14.    The DRB issued its approval of Applicant's subdivision application on April 29, 2014.

**Analysis**

The pending appeal raises twelve Questions regarding Applicant's proposed subdivision and challenges the DRB's determination that the application is not in violation of the Town of Benson Unified Bylaws (the Bylaws). In their motion, Appellants seek summary judgment on their Questions 1, 2, 3, 4, and 5. Appellants ask the Court to hold that Applicant's application is incomplete because the Town improperly waived the filing fee. Appellants also ask the Court to hold that the proposed subdivision fails to comply with the applicable provisions of the Bylaws and that the Bylaws themselves are an invalid exercise of the Town's authority.

In her response to Appellants' motion, filed October 6, 2014, Applicant asks this Court to dismiss Appellants' Questions 6 through 10. We treat Applicant's request as a motion for summary judgment. See V.R.C.P. 12(b) ("If, on a motion . . . to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . .").

Appellants argue that the Court should not consider this filing as Applicant's response was filed outside the time designated for such motions. Pursuant to Rule 56(b) of the Vermont Rules of Civil Procedure (V.R.C.P.), however, the nonmoving party may file a memorandum in opposition to the moving party's motion for summary judgment within 30 days of service. Applicant's memorandum was dated September 30, 2014 and a delay in filing was due, in part, to this Court's change of address in the previous month. Despite being untimely filed, we believe that review of Applicant's motion allows for a full pre-trial review of all legal issues in this appeal and have therefore considered the legal arguments contained within it. We address both motions below.

## I. Standard of Review

Pursuant to Rule 56(a) of the Vermont Rules of Civil Procedure (V.R.C.P.), a party seeking summary judgment must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the burden of proof, and the Court must treat each fact alleged within the movants statement of material facts as "admitted unless controverted" by a statement filed by the opposing party that identifies the facts it disputes. V.R.C.P. Rule 56(c)(2); Webb v. Leclair, 2007 VT 65, ¶¶ 2, 6, 182 Vt. 559 (mem.). It is also within the Court's authority to grant summary judgment in favor of the nonmoving party, independent of the motion, after giving notice and time for the parties to respond. V.R.C.P. 56(f)(1).

## II. Questions 2 and 3

Questions 2 and 3 ask whether Applicant's subdivision application is incomplete because she was granted a fee waiver, and therefore, did not pay a fee with her application. Appellants argue that Selectboard's waiver of the fees established under Bylaw §§ 8.4.1 and 8.4.2 render Applicant's application incomplete because the Bylaws do not provide for such a fee waiver. In response, Applicant argues that the specific provisions cited by Appellants are not applicable to subdivision applications.

The proceedings below are not binding in this de novo appeal, "'where the case is heard as though no action whatever has been held prior thereto.'" Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11 (1989) (quoting In re Poole, 136 Vt. 242, 245 (1978)). This Court will not consider any previous decisions or proceedings below; "rather, we review the application anew as to the specific issues raised in the statement of questions." In re Whiteyville Props. LLC, No. 179-12-11 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Dec. 13, 2012) (Durkin, J.). "[W]e hear the evidence anew and decide whether the applicants have met their burden of showing that their proposed project conforms to the applicable ordinance provisions." Smith Boathouse Permit Application, No. 117-8-12 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Mar. 26, 2013) (Durkin, J.) (citing Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11 (1989) ("A de novo trial is one where the case is heard as though no action whatever has been held prior thereto.") (internal quotation omitted)).

4

The Town's decision to waive Applicant's filing fee is an administrative decision that should be left solely within the Town's discretion and is immaterial in this de novo appeal. Even if the failure to pay the fee could be grounds to consider the application incomplete, our de novo review does not include reviewing the adequacy of materials submitted to the municipal panel, we focus on the materials and evidence before the Court. See In re Moore 3-Lot Subdivision, No. 123-9-13 Vtec, slip op. at 6 (Vt. Super. Ct. Envtl. Div. July 28, 2014) (Walsh, J.) (noting that this Court does "not review the accuracy or adequacy of the materials submitted to the DRB"). A town's decision to waive application fees is the type of action that this Court will not review. For this reason, we **DENY** Appellants' request for summary judgment on their Questions 2 and 3. Furthermore, as there are no disputed facts, in accordance with V.R.C.P. 56(f)(1), we intend to conclude that the nonmoving party (here, Applicant) is entitled to judgment as a matter of law on Appellants' Questions 2 and 3. We provide the parties 30 days in which to respond to our intended action of entering summary judgment in favor of Applicant.

### III.  Questions 4 and 5

Questions 4 and 5 ask whether the Bylaws are invalid. Appellants alleges that the Bylaws, which went into effect on September 10, 2013, are not a valid exercise of the authority conferred under 24 V.S.A. §§ 4410 and 4411 because they are not in conformance with and do not further the goals and provisions of the Town of Benson Town Plan (Town Plan). For this reason, Appellants argue that this Court's review of the application should be under the Bylaws in effect prior to September 10, 2013 (the 2011 Bylaws).

It is within this Court's jurisdiction to review the validity of the Bylaws as they relate to the application now pending before us. In re Union Bank, No. 7-1-12 Vtec, slip op. at 4 (Vt. Super. Ct. Envtl. Div. Nov. 8, 2012) (Durkin, J.); Saman ROW, No. 176-10-10 Vtec, slip op. at 1 n.1 (Vt. Super. Ct. Envtl. Div. Sept. 2, 2011) (Durkin, J.) (citing In re Paynter 2-Lot Subdivision, 2010 VT 28, ¶¶ 3, 8, 187 Vt. 637 (mem.)). Section 4410 grants broad authority to regulate land development in any manner established in a town's bylaws, "provided those bylaws are in conformance with the [town] plan." 24 V.S.A. § 4410; 24 V.S.A. § 4411(a). The bylaws therefore serve to implement the "many desirable approaches to municipal development" recommended in the town plan and may "provide meaning where the plan is ambiguous." In re

<u>Kisiel</u>, 172 Vt. 124, 130 (2000) (citing <u>In re Molgano</u>, 163 Vt. 25, 30–31 (1994)). It is, however, "[o]nly those provisions incorporated in the bylaws [that] are legally enforceable." <u>Molgano</u>, 163 Vt. at 31 (citing <u>Kalakowski v. John A. Russell Corp.</u>, 137 Vt. 219, 225–26 (1979)). Total consistency between the town plan and bylaws is not, however, a legal requirement. <u>Smith v. Winhall Planning Commission</u>, 140 Vt. 178, 183 (1981). Because the bylaws control the plan, some degree of conflict is not unusual. <u>Id.</u>

Appellants argue that the Bylaws, as applied to Applicant's subdivision application, are invalid because they do not further the Town Plan's goals and objectives. Specifically, Appellants contend that certain sections of the Bylaws are neither called for by nor conform with the Town Plan, including those regarding 1) the allowable density of development within the ARR District, 2) allowable dimensions and shapes of small lots created by subdivision, and 3) the review process for subdivision applications. (Appellants' Motion at 4–6). More generally, Appellants assert that the Town Plan itself mandates absolute conformance between the Town Plan and the Bylaws.

As to those provisions regarding allowable density of development, Appellants contend that Bylaw §§ 3.1.4 and 3.2.4, which establish general standards for new development, do not conform with the Town Plan's economic goals. They refer to several specific provisions of the Town Plan that establish the Town's priorities and goals for development, including:

- "[T]he Town's rural and scenic character and the well preserved ambiance of its village should be a consideration in land use decisions."
- "The Town's economic goals are consistent with maintaining Benson's current landscape and maintaining environmental standards."
- "To improve Benson's economic base: Encourage the development of home occupations and cottage industries. . . Maintain the village core, the character of the Town, and the landscape and natural resources."
- "It is the goal of the Planning Commission that there will be expanded opportunities for employment in Benson. Entrepreneurship is encouraged along with home businesses and cottage industries."
- "[T]he Town desires to continue orderly growth and development which protects community resources and provides for the appropriate use of all lands while preserving open spaces, forest, conservation areas and agricultural lands within the Town. In short, this Plan recommends that Benson take steps to preserve its rural character and permit such growth and development as would benefit the general good of the Town."

6

(Town of Benson 2013 Town Plan, at 34-38). As to those provisions regarding allowable dimensions and lots sizes created by subdivision, Appellants contend that Bylaw §§ 3.3 and 7.6 are inconsistent with the Town Plan's goals for development and land use in the ARR District. They refer to two provisions of the Town Plan that establish the Town's priorities and goals for land use and growth, including:

- "It is not the goal to prevent development, but to direct development such that the unique social, environmental and historical characteristics of Benson are preserved."
- "To preserve the community's rural character and to provide a mechanism for viable agricultural, residential and commercial uses with minimal adverse impact [in the ARR District]. ARR is intended to provide land area for low-density residential development, farming, forestry, recreation, commercial and other rural land uses. Any such growth should be consistent with the rural character of the area and site conditions. Conservation of a working landscape of open space and natural resources should be a high priority to maintain Benson's rural atmosphere. The Town encourages traditional and diversified agricultural uses and activities in this district and supports the right to farm for family farms. The Town should promote activities that preserve scenic and agricultural lands. The goal of this district is an attractive functional countryside."

(Town of Benson 2013 Town Plan, at 36-37). As to those provisions regarding review of subdivision applications, Appellants contend that Bylaw §§ 7.1, 7.2, 7.5, and 7.6 are inconsistent with the Town Plan's goals for the protection of natural resources. Appellants refer to several provisions of the Town Plan that establish priorities and goals for natural resources, including:

- "It is our responsibility to identify [naturally occurring] resources and maintain and create an environment that doesn't interrupt the balance of their existence."
- "[C]onservation is very important to this area."
- "The emphasis of our land use regulations and Town Plan in maintaining the Benson landscape is our primary method of ensuring a continuing agricultural and forestry industry in Benson."
- "[I]t is important for everyone living or working within a watershed to cooperate to assure good conditions."
- "[T]he control of [agricultural] pollution is an important priority."
- "The preservation of Benson's wetlands is vital to water quality and a healthy ecosystem."
- "A prime goal is to preserve and enhance Benson's uniqueness."
- "Encourage landowners to preserve trees and other vegetation in existing clay plain forest fragments. Encourage the expansion of a 'wooded corridor' that connects clayplain forest fragments along the edges of streams and rivers."

7

(Town of Benson 2013 Town Plan, at 16-19).

Finally, as to those provisions regarding conformity between the Town Plan and Bylaws, Appellants contend that the Bylaws are inconsistent with the Town Plan's mandate that the Bylaws are based on the priorities and goals established therein. Appellants refer to the following provisions of the Town Plan that they argue establish this mandate:

> The Town Plan is the basis for the zoning and subdivision ordinance and other land use ordinances. Any such ordinances are based on the goals set forth in the Plan. . . . In order to give meaning to the goals and recommendations contained within this Plan, the Town, State agencies and regional and local authorities are strongly encouraged to abide by the Plan's goals, policies and programs. The Plan should be interpreted to the strongest extent possible to promote the Town goals contained herein.

Id. at 1, 39.

On their own, broad policy statements and goals in a town plan that promote or oppose certain types of development without specific and enforceable standards are not mandatory; they are aspirational. See In re Champlain Oil Co. Inc., No. 89-7-11 Vtec slip op. (Vt. Super. Ct. Envtl. Div. Oct. 10, 2012) (Durkin, J.); In re Molgano, 163 Vt. 25, 31 (1994). Aspirational language in a town plan does little more than serve as an overall guide and provides context for a town's development goals. Smith v. Winhall Planning Commission, 140 Vt. 178, 183 (1981). It is the bylaws that provide meaning where the town plan is ambiguous, and the bylaws that have the force of law. To enforce the Town Plan's aspirational provisions would effectively give non-regulatory abstractions the legal force of the Bylaws. We will not do this.

For these reasons, the existence of discrepancies between the Town Plan and the Bylaws do not render the Bylaws invalid. We therefore conclude that the Bylaws are not invalid. In light of Appellants failure to demonstrate that they are entitled to a judgment as a matter of law, we **DENY** Appellants' motion for summary judgment as to Questions 4 and 5. Furthermore, because there are no disputed facts, in accordance with V.R.C.P. 56(f)(1), the Court intends to conclude that the nonmoving party (here, Applicant) is entitled to judgment as a matter of law on Questions 4 and 5 because the Bylaws were amended pursuant to a valid exercise of authority to promulgate land use regulations under 24 V.S.A. §§ 4410 and 4411. We

8

provide the parties 30 days in which to respond to our intended action of entering summary judgment in favor of Applicant on those Questions.

## IV. Question 1

Question 1 asks whether the proposed subdivision complies with the applicable provisions of the current Bylaws. The Town's amended Bylaws went into effect on September 10, 2013, more than a month before Applicant filed her application on October 15, 2013. The DRB therefore reviewed her application under the correct Bylaws, these being the September 10, 2013 bylaws. Despite specifically questioning whether the proposed subdivision complies with the Bylaws in Question 1, Appellants' Motion for Summary Judgment analyzes the application under the prior version of the Bylaws (those in effect prior to September 10, 2013).

As a general rule, this Court's jurisdiction "is confined to the issues raised in the statement of questions filed pursuant to an original notice of appeal." In re Garen, 174 Vt. 151, 156 (2002); see also V.R.E.C.P. 5(f). Question 1 asks whether the application complies with the current Bylaws, and not whether it complies with a prior version of those Bylaws. Although the Court may consider matters intrinsic to those explicitly expressed in the statement of questions, whether the proposed subdivision complies with a prior version of the Bylaws is not intrinsic in this appeal. See In re Jolley Assocs., 2006 VT 132, ¶ 9, 181 Vt. 190; see also Crandall & Stearns Waiver and Deck Application, No. 134-9-11 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. May 1, 2012) (Walsh, J.) ("The Court's jurisdiction extends to issues explicitly raised in each Question as well as to issues intrinsic to them.").

Furthermore, Rule 5(g) of the Vermont Rules of Environmental Court Proceedings limits our review to "the substantive standards that were applicable before the tribunal appealed from." As the DRB correctly reviewed Applicant's proposed subdivision under the Bylaws as they existed after September 10, 2013, this Court's review is also under that version of the Bylaws. Appellants have not argued that the Application does not comply with the current version of the Bylaws or presented undisputed facts sufficient to undertake that analysis.

For these reasons, and in light of Appellants failure to demonstrate that they are entitled to a judgment as a matter of law as to Question 1, we **DENY** Appellants' request for summary judgment on their Question 1.

**V.        Applicant's Motion for Summary Judgment**

In her response to Appellants' motion for summary judgment, Applicant states that "[t]he following information relative to questions six through ten should be adequate for the Court to make a final decision on the appeal without further proceedings." In support of this request, Applicant addresses each of Questions 6 through 10. Questions 6 through 10 relate generally to permit conditions related to the future development of Lot 2. Specifically whether uses or structures should be allocated to that lot and whether the subdivision approval should include specific building envelopes. In her response, however, Applicant brings several facts concerning future development of Lot 2 into dispute.

In her response to Appellants' motion, Applicant indicates that the application requested "one principal structure to each lot" and that "development envelopes be established as the area within the setbacks for the district for both lots." (Applicant's Response at 6–8). Applicant also indicates a "plan to not immediately build structures [on the lots] . . . ." (Id.). The application, however, explicitly states Applicant's intent to divide the Parcel into "[Lot 1] with the existing structure (home & garage) & [Lot 2] as land only," and that there are "no plans on building on [Lot 2] at this time." (Oct. 15, 2013 Subdivision Application) (emphasis added). Additionally, although Applicant's sketch of the proposed subdivision indicates the existing structures on Lot 1, it does not indicate any proposed structures or a development envelope on Lot 2. (Id.). In the DRB's hearing on the application, Applicant's representative stated that she "was requesting the development envelopes for the two lots be established as described on the plat. . . ." (DRB Apr. 17, 2014 Hearing and Minutes).

Applicant has created a dispute as to material facts by offering these conflicting factual positions, and the Court will not grant summary judgment if the moving party has failed to show there is no dispute as to any material facts. V.R.C.P. 56(a). As Applicant's response was filed outside the time designated for such motions, the Court will not grant an opportunity to properly support or address the relevant facts pursuant to V.R.C.P. 56(e)(1). For this reason, we **DENY** Applicant's motion to dismiss Questions 6 through 10.

**Conclusion**

The legal issues raised in Appellants' Questions 2 and 3 challenge the DRB's procedure in the proceedings below and are of the type of action that this Court will not review. For this reason, we **DENY** Appellants' motion for summary judgment as to Questions 2 and 3.

Appellants' Questions 4 and 5 challenge the validity of the Bylaws as applied to Applicant's application and are therefore within this Court's jurisdiction. For the reasons stated above, we find that the Bylaws are not an invalid exercise of the Town's authority and we **DENY** Appellants' motion for summary judgment as to Questions 4 and 5.

Whereas Appellants' Question 1 challenges Applicant's proposed subdivision under the Bylaws, Appellants' motion for summary judgment forgoes this argument in favor of again challenging the Bylaws' validity. For the reasons stated above, we find that Appellants have failed to demonstrate that they are entitled to a judgment as a matter of law as to Question 1 and we **DENY** their motion for summary judgment.

The Court hereby provides notice of our intent to **GRANT** summary judgment as to Questions 2 through 5 in favor of Applicant pursuant to V.R.C.P. 56(f)(1) for the above described reasons. The parties have **30 days from the date of this decision in which to respond** to the Court's intended action.

As to Questions 6 through 10, we find that Applicant has failed to demonstrate that there is no genuine dispute as to any material fact. We therefore **DENY** the motion for summary judgment as to Questions 6, 7, 8, 9, and 10.

Electronically signed on February 20, 2015 at 03:54 PM pursuant to V.R.E.F. 7(d).

_Tom Walsh_
_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division